STEVE LEE
8/23/17
.8893

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
AUG 24 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

One Apple iPhone 6 Cellular Telephone
IMEI: 355603085713750

Case No. '17 MJ 3037

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated herein by reference).

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated herein by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 952, 960, 963 | Importation of a Controlled Substance and Conspiracy to Import a Controlled Substance. |

The application is based on these facts:

See Attached Affidavit of HSI Special Agent Johnson H. Pham

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Johnson H. Pham, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/24/17

_____
*Judge's signature*

City and state: San Diego, California        Hon. Bernard G. Skomal, United States Magistrate Judge
*Printed name and title*

FILED
AUG 2 4 2017
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH OF:<br><br>One Apple iPhone 6 Cellular Telephone<br>IMEI: 355603085713750 | Case No.: '17 MJ3037<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT |
|---|---|

## AFFIDAVIT

I, Johnson H. Pham, being duly sworn, hereby state as follows:

### INTRODUCTION

1. This affidavit supports an application for a warrant to search the following electronic device:

> One Apple iPhone 6 Cellular Telephone
> IMEI: 355603085713750 ("Target Telephone")

as described in Attachment A, and seize evidence of crimes, specifically, Importation of a Controlled Substances and a Conspiracy to Import Controlled Substances in violation of Title 21, United States Code §§ 952, 960, and 963. This search supports an investigation and prosecution of Jerred Berg ("Berg") and his co-defendant Tayler Laidler ("Laidler") for the crimes mentioned above. A factual explanation supporting probable cause follows.

2. The Target Telephone was seized, at the San Ysidro, California Port of Entry ("San Ysidro POE") as evidence for the crimes mentioned above by Berg and Laidler on May 30, 2017. The Target Telephone is currently being stored as evidence in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") secure

1

evidence storage facility located at the Deputy Special Agent in Charge, San Ysidro, California office.

3. Based on the information below, there is probable cause to believe that a search of the Target Telephone will produce evidence of the aforementioned crimes, as described in Attachment B.

4. The information contained in this affidavit is based upon my experience and training, consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from interviews, my review of documents, and evidence related to this case. Because this affidavit is made for the limited purpose of obtaining a search warrant for the Target Telephone, it does not contain all of the information known by me or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause.

## EXPERIENCE AND TRAINING

5. I am a Special Agent ("SA") with HSI, and have been employed by HSI since October 2009. I am currently assigned to the HSI Investigative Services Group as a liaison between HSI and Customs and Border Protection ("CBP"), Office of Field Operations ("OFO").

6. I am a graduate of the Criminal Investigator Training Program and Immigration and Customs Enforcement, Special Agent Training Program at the Federal Law Enforcement Training Center. I have received training in identifying various controlled substances. I have conducted investigations involving trafficking controlled substances. I have spoken with other agents with extensive experience in controlled substances investigations. I am assigned to conduct investigations of criminal violations relating to the smuggling and transportation of controlled substances. I have participated in the arrests of several persons for violations of the Controlled Substances Act. I have witnessed interviews with the arrested persons and with their associates. Through these interviews, I have gained a working knowledge and insight into the



1  typical working of controlled substance traffickers and smugglers

2    7.    Based upon my training and experience as an HSI SA, and my consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

    a.    Drug smugglers will use cellular/mobile telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

    b.    Drug smugglers will use cellular/mobile telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

    c.    Drug smugglers and their accomplices will use cellular/mobile telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

    d.    Drug smugglers will use cellular/mobile telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

    e.    Drug smugglers will use cellular/mobile telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

    f.    Drug smugglers and their co-conspirators often use cellular/mobile telephones to communicate with load drivers who transport their narcotics and/or drug proceeds.

8.    Because this affidavit is made for the limited purpose of obtaining a search warrant for the Target Telephone, it does not contain all of the information known to myself or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause.

//
//
//

3

STEVE LEE
8/23/17
x8893

## FACTS SUPPORTING PROBABLE CAUSE

9. On May 30, 2017, at about 1:58 a.m., Berg and Laidler applied for entry from Mexico into the United States at the San Ysidro POE. Berg was driving a Nissan Sentra. Laidler was a passenger in the Nissan Sentra.

10. Berg stated to CBP Officer F. Orozco that they were going to Los Angeles and gave two negative customs declarations.

11. During inspection of the car, CBP Officer F. Orozco found a box with numerous pills, a green leafy substance, and a pipe. Based on these findings, Berg, Laidler, and the Nissan Sentra were referred to secondary inspection.

12. CBP Officer A. Law recovered 0.2 grams of a substance that field tested positive for methamphetamine, 1.6 grams of a substance that field tested positive marijuana, 109 pills identified as hydrocodone, 49 pills identified as ecstasy, 10 pills identified as Viagra, and 3 pills identified as gabapentin from the box.

13. At about 7:40 a.m., CBP Officer E. Hendee screened the Nissan Sentra with his Narcotics and Human Detection Dog and received a positive alert.

14. At about 8:52 a.m., CBP Officer J. Saucedo screened the Nissan Sentra using the Z-Portal x-ray machine and, based on his training and experience, observed anomalies in the gas tank.

15. At about 9:50 a.m., CBP Officer A. Law and L. Randle accessed the gas tank from the inside of the Nissan Sentra and saw packages floating inside.

16. At about 10:30 a.m., a contractor mechanic removed the gas tank. CBP Officer L. Randle recovered thirty-four packages from the gas tank. Twenty-six packages contained a substance that field-tested positive for the properties of methamphetamine and weighed 12.6 kilograms (27.72 pounds). Seven packages contained a substance that field-tested positive for the properties of heroin and weighed 3.68 kilograms (8.10 points). One package contained a substance that field-tested positive for the properties of cocaine and weighted 580 grams (1.28 pounds).

4

STEVE LEE
8/23/17
x4893

13. The Target Telephone was seized from the Nissan Sentra incident to this arrest.

14. I advised Berg of his <u>Miranda</u> rights. Berg agreed to waive his <u>Miranda</u> rights and speak with CBP Officer A. Burns and me. Post-<u>Miranda</u>, Berg initially denied knowledge of the drugs in the car, but later admitted that he and Laidler agreed to smuggle what he believed to be forty pounds of methamphetamine from Mexico into the United States for $6000 USD.

15. During my interview with Berg, he claimed ownership of the Target Telephone.

16. I advised Laidler of her <u>Miranda</u> rights. Laidler agreed to waive her <u>Miranda</u> rights and speak with CBP Officer A. Burns and me. Post-<u>Miranda</u>, Laidler admitted that she and Berg agreed to smuggle what they believed to be forty pounds of methamphetamine from Mexico into the United States for $6000 USD.

17. Berg and Laidler were arrested and charged with violations of Title 21, United States Code §§ 952 and 960, importation of methamphetamine, cocaine, and heroin.

## SEARCH METHODOLOGY

18. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many

cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

19. Following the issuance of this warrant, I will collect the Target Telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

20. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

21. Based on all of the facts and circumstances described above, there is probable cause to believe that Berg used the Target Telephone to facilitate the offenses of Importation of a Controlled Substance and Conspiracy. In this case, Berg was driving a drug-laden car from Mexico into the United States. Additionally, Berg admitted that he knew they were smuggling drugs from Mexico into the United States. Based on my training and experience, I believe that it is likely that the Target Telephone was used to assist in navigating to the location where the car and drugs were to be dropped off. Berg likely used the Target Telephone to facilitate the offense by transmitting and storing

STEVE LEE
8/23/17
x8849

1 data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21,
2 United States Code, §§ 952, 960, and 963.

3     22.   Because the Target Telephone was promptly seized after the arrest of
4 Jerred Berg, smuggling activities and has been securely stored, there is probable cause
5 to believe that evidence of illegal activities committed by Jerred Berg, continues to exist
6 on the Target Telephone.

7     23.   WHEREFORE, I respectfully request that the Court issue a warrant
8 authorizing law enforcement agents and/or other federal and state law enforcement
9 officers to search the items described in Attachment A, and the seizure of items listed
10 in Attachment B, using the methodology described above.

12 I swear the foregoing is true and correct to the best of my knowledge and belief.

                JOHNSON H. PHAM
                Special Agent
                Homeland Security Investigations

18 Subscribed and sworn to before me this ___24___ day of August, 2017.

HON. BERNARD G. SKOMAL
United States Magistrate Judge

7



## ATTACHMENT A

One Apple iPhone 6 Cellular Telephone
IMEI: 355603085713750

Seized from Jerred Berg at the time of his arrest and referred to as the Target Telephone. Target Telephone is currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations secure evidence storage facility located at the Deputy Special Agent in Charge, San Ysidro, California office.

STEVE LEE
8/23/.2
x 8893

## **ATTACHMENT B**

Authorization to search the cellular/mobile telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone for evidence described below. The seizure and search of the cellular/mobile telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of May 1, 2017 until May 30, 2017:

a. tending to indicate efforts to import controlled substances from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of controlled substances from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**All believed to be evidence of violations of Title 21, United States Code, §§ 952, 960, and 963.**